# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-208V
Filed: June 13, 2017
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| TALIA SERVICE, | |
|         Petitioner, | |
| v. | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
|         Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Michael G. McLaren*, Black McLaren, et al., PC, Memphis, TN, for petitioner.
*Anne Donohue Martin*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On February 10, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her tetanus-diphtheria-acellular pertussis ("Tdap") on July 28, 2014. On January 31, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' Stipulation. (ECF No. 28).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 13, 2017, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 17).  Petitioner requests attorneys' fees in the amount of $22,433.50 and attorneys' costs in the amount of $1,957.53 for a total amount of $24,391.03.  (*Id.* at 10).  In compliance with General Order #9, petitioner filed a signed statement indicating petitioner incurred no out-of-pocket expenses.

On April 18, 2017, respondent filed a response to petitioner's motion.  (ECF No. 33).  In response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 1).  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2).  Respondent "respectfully recommends that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  (*Id.* at 3).

On November 4, 2016, the undersigned issued a reasoned decision in *Henry v. Sec'y of Health & Human Servs.*, No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016), addressing hourly rates for the McLaren firm.  The undersigned concluded the McLaren firm may be compensated at forum rates consistent with *McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  The undersigned adopts the reasoning in the *Henry* decision for the instant analysis.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours.  However, consistent with *Henry, supra*, the undersigned reduces the award to reflect rate reductions for travel time and for 2016 and 2017 paralegal rates.

Mr. Webb billed a total of 15.5 hours for travel at a rate of $305 per hour.  This includes 6.5 hours of travel from Memphis on February 29, 2016 for a client meeting in Asheville, and 9 hours of travel back to Memphis after the client meeting on March 1, 2016.  (ECF No. 32-2 at 6-7).  As is this Court's consistent practice, and notwithstanding the fact that Mr. Webb was noted to be working on the case en route,  the undersigned reduces the hourly rate for these hours by 50%.[3]  The discount in fees for Mr. Webb's travel time results in a reduction of $2,363.75.

---

[3] The Court recognizes that the Black McLaren firm, and Mr. Webb, consistently request full compensation for travel, however this is not the Court's practice.  *See, e.g., Hocraffer v. Sec'y of Health & Human Servs.,* No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program.").  *See also, J.L.D. v. Sec'y of Health & Human Servs.*, No. 15-716V, 2017 WL 563189, at *4 (Fed. Cl. Jan. 18, 2017) ("Upon further review of the billing records, I noted that Mr. Webb billed a total of 19.6 hours of travel time in 2015. ECF No. 34–2 at 6–7. While an attorney may bill for work performed while traveling, special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program."); *May v. Sec'y of Health & Human Servs.,* No. 12-712V, 2016 WL 7664474, at *4 (Fed. Cl. Dec.

Further, there was 6.9 hours of paralegal time billed in 2016 at a rate of $150 per hour, amounting to billing of $1,035.00. (ECF No. 32-2, at 14). Reducing the hourly rate to $145 for all these hours reduces the total amount to $1,000.50, a reduction of $34.50. Additionally, there was 4.9 hours of paralegal time billed in 2017 at a rate of $155 per hour, amounting to billing of $759.50. (ECF No. 32-2, at 14). Reducing the hourly rate to $148 for all these hours reduces the total amount to $725.20, a reduction of $34.30.[4]

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---:|
| Requested attorneys' fees (based on 82.40 total hours): | $22,433.50 |
| Less 50% rate reduction for 17 travel hours: | -$2,363.75 |
| | |
| Less 2016 paralegal rate reduction: | -$34.50 |
| Less 2017 paralegal rate reduction: | -$34.30 |
| Adjusted total: | $20,000.95 |
| | |
| Requested costs: | +$ 1,957.53 |
| **Total Attorneys' Fees and Costs Awarded:** | **$21,958.48** |

**Accordingly, the undersigned awards the total of $21,958.48 as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Michael G. McLaren.**

---

15, 2016) ("Upon further review of the billing records, I noted that Mr. Webb billed 8 hours for travel time on November 29, 2012 and 8 hours for travel time on November 30, 2012. ECF No. 70–2 at 6. While an attorney may bill for work performed while traveling, 'special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program.'"); *Rowden v. Sec'y of Health & Human Servs.*, No. 14-400V, 2016 WL 7785616, at *4 (Fed. Cl. Dec. 22, 2016); *Kinder v. Sec'y of Health & Human Servs.*, No. 15-1212V, 2016 WL 7666537, at *2 (Fed. Cl. Dec. 15, 2016); *Morgan v. Sec'y of Health & Human Servs.*, No. 15-0239V, 2016 WL 8457049, at *2 (Fed. Cl. Nov. 23, 2016); *Buser v. Sec'y of Health and Human Servs.*, No. 16-0166V, 2016 WL 8416477, at *2 (Fed. Cl. Nov. 22, 2016); *Dayton v. Sec'y of Health & Human Servs.*, No. 15-0589V, 2016 WL 8377512, at *1 (Fed. Cl. Nov. 17, 2016); *Kreisle v. Sec'y of Health & Human Servs.*, No. 15-984V, 2016 WL 8376886, at *2 (Fed. Cl. Nov. 8, 2016); *Henry v. Sec'y of Health & Human Servs.*, No. 15-545V, 2016 WL 7189925, at *11 (Fed. Cl. Nov. 4, 2016); *Klein v. Sec'y of Health & Human Servs.*, No. 15-1054V, 2016 WL 8346098, at *1 (Fed. Cl. Nov. 4, 2016); *E.T. v. Sec'y of Health & Human Servs.*, No. 15-181V, 2016 WL 7188686 (Fed. Cl. Oct. 27, 2016); *Watkins v. Sec'y of Health & Human Servs.*, No. 15-150V, 2016 WL 7188685, at *1 (Fed. Cl. Oct. 26, 2016).

[4] The undersigned notes the awarded paralegal rates are consistent with the court's Attorneys' Forum Hourly Rate Fee Schedules for the corresponding years. *See* http://www.cofc.uscourts.gov/node/2914

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.